UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| C. HUGH JONSON, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>NORTHWEST TRUSTEE SERVICES, INC., *et al.*,<br><br>    Defendants. | Case No. C12-0552RSL<br><br>ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT |

This matter comes before the Court on "Plaintiffs' Motion and Order for Leave to File Second Amended Complaint." Dkt. # 27. Defendants object to the proposed second amended complaint. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## BACKGROUND

This action was filed on January 27, 2012, in Skagit County Superior Court by C. Hugh Jonson and Bonnie L. Jonson. Defendants timely removed the case to federal court. Plaintiffs' claims stem from a mortgage loan they obtained from Defendant Flagstar Bank FSB and the subsequent refinancing of that loan in December 2009. Plaintiffs' first complaint alleged claims based on improper chain of title, promissory estoppel, fraud, contractual breach of good faith and fair dealing, unfair and deceptive acts and practices, breach of fiduciary duty, unconscionability, rescission, predatory lending, Truth in Lending Act (TILA) violations, and

ORDER DENYING PLAINTIFFS' MOTION
TO AMEND COMPLAINT

1  Real Estate Settlement Procedures Act (RESPA) violations.

2  On May 31, 2012, Defendants filed a motion to dismiss. In lieu of opposing the
3  motion, Plaintiffs filed their first amended complaint. Plaintiffs' abandoned their predatory
4  lending, TILA, RESPA and unfair and deceptive acts and practices claims. Defendants
5  subsequently withdrew their motion to dismiss.

6  On June 26, 2012, the Court entered a scheduling order. The order set a January 2,
7  2013, deadline for the filing of amended pleadings. On June 29, 2012, Plaintiffs filed a second
8  amended complaint. Although this amended complaint was filed within the time frame set by the
9  Court, it was filed without obtaining leave to amend or consent from Defendants. The Court
10 issued an order to show cause why the second amended complaint should not be stricken for
11 failure to comply with Fed. R. Civ. P. 15(a)(2). The Court received no reply and struck the
12 second amended complaint.  Defendants filed a second motion to dismiss on December 13, 2012.

13 On January 3, 2013 (one day after the January 2, 2013, deadline to file amended
14 pleadings), Plaintiffs filed both the present motion and a motion to modify the case scheduling
15 order. The Court granted Plaintiffs' motion to modify the case scheduling order in light of the
16 very limited relief requested: an extension of a single day. The order reserved the issue of
17 whether Plaintiffs would be allowed to file a second amended complaint.

18 When filed, Plaintiffs' motion consisted of one page of argument. Plaintiffs neither
19 addressed the five factors courts consider when determining whether to grant leave to amend nor
20 provided a proposed amended complaint. A week later, Plaintiffs filed their proposed second
21 amended complaint. Dkt. # 33. Plaintiffs argue that their proposed second amended complaint is
22 based on an "updated securitization audit" and evidence submitted by Defendants in support of
23 their pending motion to dismiss. Motion (Dkt. # 27) at 2. On January 14, 2013, Defendants filed a
24 response opposing the motion. Dkt. # 36. Plaintiffs have not replied.

28  ORDER DENYING PLAINTIFFS' MOTION
    TO AMEND COMPLAINT                          -2-

## DISCUSSION

**A. Standard for Motions to Amend**

A party may amend a pleading once as a matter of course and thereafter may only amend the complaint by consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). Defendants declined to give their consent. However, courts "should freely give leave [to amend] when justice so requires." Id. The Ninth Circuit has repeatedly stressed that the underlying purpose of Fed. R. Civ. P. 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). A court's decision to grant leave to amend is ultimately discretionary. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971); Cal. Dep't of Toxic Substances Control v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

In assessing the propriety of a motion for leave to amend, the Court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). However, these factors need not all be considered in each case. The third factor, prejudice to the opposing party, is the "touchstone of the inquiry under rule 15(a)." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citations omitted). Additionally, futility alone will justify the denial of a motion for leave to amend. Bonin, 59 F.3d at 845.

**B. Application of Standard to Plaintiffs' Proposed Second Amended Complaint**

**1. Bad Faith**[1]

Despite Defendants' argument to the contrary, the fact that a motion to dismiss is pending is not evidence that a motion for leave to amend was filed in bad faith. The case Defendants rely upon, Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980 (9th Cir.

---

[1] Defendants' arguments regarding the merits of Plaintiffs' claims (Response (Dkt. # 36) at 5-7) have been considered when evaluating the futility of the claims. See infra Part B.4.

ORDER DENYING PLAINTIFFS' MOTION
TO AMEND COMPLAINT                -3-

1999), stands for the proposition that attempting to evade summary judgment by seeking to amend a complaint to add causes of action for which discovery had not been taken might reflect bad faith. Id. at 986. However, in that case discovery had already closed. Id. Discovery has not yet closed in this matter, and plaintiffs would still have time to gather evidence to support their new claims.  Lockheed Martin does not support a finding of bad faith in these circumstances.

Nor is the fact that Plaintiffs do not deny signing the note evidence of bad faith. Response (Dkt. # 36) at 5–6. Plaintiffs do not deny the existence of the debt, but rather primarily contest the manner in which defendants have attempted to collect the debt. Plaintiffs' newly-presented theory that the note Defendants have submitted in this case is a forgery does not contradict any previous allegations and suggests only delay and lack of diligence in pursuing potential claims, rather than a hope to gain any "tactical advantage." In re Beverly Hills Bancorp, 752 F.2d 1334, 1338 (9th Cir. 1984).

The Court notes, however, that there is some evidence of bad faith. In their motion for leave to file a second amended complaint, Plaintiffs provide scant facts or theories to support their motion.  There are references to "new information," the results of a new "securitization audit," and vague references to the contents of a declaration that was not provided.[2] Plaintiffs did not address any of the five factors a court considers in assessing the propriety of a motion for leave to amend nor did they file a reply. Furthermore, any reasonable diligence on the part of Plaintiffs would have led to the discovery that many of their new claims are time barred and lack merit. A similar case filed by Plaintiffs' attorney was recently dismissed for failure to state a claim, and several of the claims suffered from nearly identical deficiencies as those found in the proposed second amended complaint. Evan Westcott v. Wells Fargo Bank, N.A., 862 F. Supp.2d 1111 (W.D. Wash. 2012). Plaintiffs have not acknowledged or distinguished this adverse authority.  In these circumstances, there is at least an inference that the motion to amend is a "desperate attempt to protract the litigation and complicate the defense." Glatt v. Chicago Park

---

[2] Motion (Dkt. # 27) at 2.

ORDER DENYING PLAINTIFFS' MOTION
TO AMEND COMPLAINT                    -4-

Dist., 87 F.3d 190, 194 (7th Cir. 1996).

**2. Undue Delay**

Plaintiffs have presented no legitimate evidence to justify the six month delay between the filing of their first amended complaint and seeking leave to file a second amended complaint. Plaintiffs base several of their new claims on evidence obtained from a "private investigator/auditor" whom Plaintiffs hired "several weeks ago." Dkt. # 33 at 3. Plaintiffs have presented no explanation for why they did not hire an investigator earlier. Plaintiffs also neglect to mention that they had previously hired a private auditor who apparently failed to discover the new evidence. Complaint (Dkt. # 1) at 22.

Plaintiffs' RESPA and TILA claims are predicated entirely on facts Plaintiffs knew or should have known at the time of the filing of the initial complaint. Plaintiffs allege they never received notice of a November 9, 2011, transfer of interest. However, the facts underlying these claims are alleged in the initial complaint. Complaint (Dkt. # 1) at 2. The RESPA claim is also based at least partially on the purported "Freddie Mac Capture." Dkt. # 33 at 16. The existence of the "Freddie Mac Capture" was discovered as a result of a search of a Mortgage Identification Number. Dkt. # 33 at 3-4. Plaintiffs offer no explanation for why this search was not conducted earlier or why they delayed filing these claims.

Plaintiffs' "Unfair and Unlawful Practices Act," "Unlawful Debt Collection Practices Act," "Predatory Lending," and "Unfair and Deceptive Acts and Practices" claims are all predicated upon an allegedly forged note attached to Defendants' second motion to dismiss. Dkt. # 33 at 18-19, 21–22, 31-32, and 36. However, an identical copy of this note was attached to Defendants' first motion to dismiss, filed in May 2012. First Motion to Dismiss (Dkt. # 9) at 37-39. Without delving into the very serious nature of the forgery accusation levied at Defendants' counsel, the Court notes that Plaintiffs have offered no explanation as to why they were unable to investigate the alleged forgery in the seven months they possessed the note.

Finally, although leave was granted to modify the scheduling order, the fact that

ORDER DENYING PLAINTIFFS' MOTION
TO AMEND COMPLAINT                    -5-

Plaintiffs filed this motion for leave to file a second amended complaint after the deadline set in the case management order strongly suggests a lack of diligence. Therefore, the Court finds that this factor weighs against granting leave to file a second amended complaint.

**3. Prejudice**

Defendants will suffer some degree of prejudice if Plaintiffs are allowed to file a second amended complaint. Plaintiffs' additional claims advance new legal theories and require proof of different facts. Although discovery is still open, the litigation costs associated with this additional discovery and preparation are certainly a legally cognizable form of prejudice. See, e.g., Wilcox v. First Interstate Bank of Or., 815 F.2d 522, 529 (9th Cir. 1987). In addition, defendants have now filed two motions to dismiss the operative pleading only to find that plaintiffs again want to move the target. These costs are not extraordinary, however, and the prejudice Defendants would suffer if further amendment is allowed is minimal.[3]

**4. Futility**

If a proposed amendment would be subject to dismissal if challenged under Fed. R. Civ. P. 12(b)(6), the amendment is futile. When determining whether the allegations of Plaintiffs' proposed complaint state a claim for which relief can be granted, the Court may consider the proposed second amended complaint and, through the "incorporation by reference" doctrine, any documents referenced extensively in the complaint, documents that form the basis of Plaintiffs' claims, and matters of judicial notice. See, e.g., United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003). The allegations of the complaint are accepted as true and construed in the light most favorable to Plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The question for the Court is whether the well-pled facts in the proposed complaint sufficiently state a "plausible" ground for

---

[3] Defendants also argue that they will be prejudiced if this action continues because they are unable to collect the debt payments, collateral, and interest purportedly owed to them. Response (Dkt. # 36) at 7. The Deed of Trust Act provides certain protections to lenders in Defendants' position, but they have not chosen to enforce them. The Court finds this claim of prejudice unpersuasive.

ORDER DENYING PLAINTIFFS' MOTION
TO AMEND COMPLAINT                    -6-

relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). No claim should be dismissed unless the complaint, taken as a whole, fails to give rise to a plausible inference of actionable conduct. Twombly, 550 U.S. at 556.

### a. RESPA Claims

Plaintiffs' RESPA claim is premised on a purported violation of 12 U.S.C. § 2605(b)(1) and 12 U.S.C. § 2607. Section 2605 of RESPA applies only when there has been an "assignment, sale, or transfer of servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1)). Plaintiffs do not allege a transfer of loan servicing, but rather a transfer of the deed of trust and the associated interest in real property.[4] Plaintiffs admit that Defendant Flagstar Bank FSB originated the loan and is the current "servicer" of the loan. Dkt. # 33 at 3-4. Plaintiffs have alleged no facts or theories in their second amended complaint which support the contention that any party other than Flagstar has ever been the servicer of the mortgage loan at issue.

Furthermore, any RESPA claim under 12 U.S.C. § 2607 is time barred by the applicable one-year statute of limitations. 12 U.S.C. § 2614. Plaintiffs' loan originated in December of 2009. Plaintiffs allege that defendants failed to disclose all affiliated business arrangements (Dkt. # 33 at 16), but did not seek to assert a claim under 12 U.S.C.§ 2607 until January 3, 2013. Any claims under 12 U.S.C. § 2607 are therefore time barred.

Because Plaintiffs' RESPA claims would be immediately subject to dismissal if challenged under Rule 12(b)(6), they are futile.

---

[4] Dkt. # 33 at 15 ("There is one assignment of the DOT . . . . This Assignment transfers theinterest [sic] in the real property from MERS, as beneficiary to Flagstar Bank, FSB.").

ORDER DENYING PLAINTIFFS' MOTION
TO AMEND COMPLAINT                              -7-

### b. TILA Claim

Plaintiffs allege that defendants violated TILA by failing to notify the borrowers within thirty days regarding a transfer of ownership of the loan. TILA claims expire "one year after the date of the occurrence of the violation," however. 15 U.S.C. § 1640(e). The alleged violation occurred on December 9, 2011, 30 days after the November 9, 2011, assignment of the deed of trust. Dkt. # 33 at 17. Thus, Plaintiffs' opportunity to file any claim based on that violation expired on December 9, 2012.

Because Plaintiffs' TILA claim would be immediately subject to dismissal if challenged under Rule 12(b)(6), it is futile.

### c. Unfair and Unlawful Practices Act Claim

Plaintiffs' fourth claim for relief is premised on a purported violation of 18 U.S.C. § 1621, the federal criminal perjury statute. Plaintiffs allege that Defendants, through counsel, committed criminal perjury by submitting to the Court a forged note. Dkt. # 33 at 18. The criminal perjury statute does not, however, provide a civil right of action for damages. See Roemer v. Crow, 993 F. Supp. 834, 837 (D. Kan. 1998), aff'd, 162 F.3d 1174 (10th Cir. 1998). Although the underlying dishonest act may support civil claims in the appropriate circumstances, to the extent Plaintiffs are alleging a cause of action directly under 18 U.S.C. § 1621, it is immediately subject to dismissal and therefore futile.

### d. Fair Debt Collection Practices Act Claims

The FDCPA prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices. See Heintz v. Jenkins, 514 U.S. 291, 292 (1995). Defendants are not "debt collectors" within the meaning of the act. See De Dios v. Int'l Realty & Investments, 641 F.3d 1071, 1073 (9th Cir. 2011) ("a creditor to whom the debt was originally owed, is not considered a debt collector . . . . [A]ny person collecting or attempting to collect any debt... which was not in default at the time it was obtained by such person [is excluded from the definition of debt collector]"). Because Plaintiffs' FDCPA claim

ORDER DENYING PLAINTIFFS' MOTION
TO AMEND COMPLAINT                -8-

would be immediately subject to dismissal if challenged under Rule 12(b)(6), it is futile.

### e. Lack of Standing and Improper Foreclosure Claims

Plaintiffs assert that Defendants have unlawfully initiated the nonjudicial foreclosure process and seek a declaration that Defendants lack the authority to foreclose under the Deed of Trust Act because they are not the holder of the original promissory note. These claims are indistinguishable from the first claim for relief asserted in the Amended Complaint (Dkt. # 14 at 12-14) and will be considered in that context.

### f. Predatory Lending Claim

Plaintiffs identify several "predatory lending practices" in support of their ninth claim for relief. Dkt. # 33 at 31-32. Predatory lending is not a cause of action in Washington state, however. See Evan Westcott v. Wells Fargo Bank, N.A., 862 F. Supp.2d 1111, 1116 (W.D. Wash. 2012). Plaintiffs have not identified any contrary authority, and the mere fact that lending practices are subject to regulation under Washington and federal law does not establish predatory lending as an independent cause of action.

Because Plaintiffs' predatory lending claims would be immediately subject to dismissal if challenged under Rule 12(b)(6), they are futile.

### g. Consumer Protection Act Claim

Plaintiffs' proposed "Unfair and Deceptive Business Act Practices" claim (Dkt. # 33 at 36) is based on an alleged violations of the Consumer Protection Act ("CPA"). To prove a violation of the CPA, Plaintiffs must show that: 1) Defendants engaged in an unfair or deceptive act or practice; 2) that occurred in the conduct of Defendants' trade or commerce; 3) and affected the public interest; 4) which caused; 5) injury to Plaintiffs' business or property. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).

Plaintiffs allege that Defendants do not have the original, signed promissory note and therefore do not have the authority to initiate a nonjudicial foreclosure. Dkt. # 33 at 10 and 36. Plaintiffs do not attempt to show how what is potentially a violation of the Deed of Trust Act

ORDER DENYING PLAINTIFFS' MOTION
TO AMEND COMPLAINT                    -9-

gives rise to a CPA claim in these circumstances.  Plaintiffs also allege that Defendants violated the CPA by "introducing a forged original Promissory Note into evidence . . . in order to further perpetuate its goal of wrongfully foreclosing on Plaintiff[s] in this action." Dkt. # 33 at 36. Although forging documents would qualify as an "unfair or deceptive act or practice" occurring in Defendants' trade or business, Plaintiffs have not shown that the alleged forgery affected the public interest. The "affecting the public interest" prong of this test may be satisfied by showing that the act or practice: a) injured persons besides the Plaintiffs; b) had the capacity to injure other persons; or c) has the capacity to injure other persons. RCW 19.86.093(3). Plaintiffs have alleged no other instances in which Defendants have purportedly fabricated loan documents or alleged that persons other than Plaintiffs have been or will be injured. Even taken in the light most favorable to Plaintiffs, the well-pled facts in the complaint do not give rise to a plausible inference of actionable conduct.

Because Plaintiffs' CPA claims would be immediately subject to dismissal if challenged under Rule 12(b)(6), they are futile.

**5. Prior Amendment**

Defendants contend that denial of leave to amend is appropriate where, as here, Plaintiffs have already amended their complaint. In the cases on which Defendant rely, however, the courts had previously *granted* plaintiffs leave to amend. Assoc. Props. Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989); Abagninin v. Amvac Chem. Corp., 545 F.3d 733, 742 (9th Cir. 2008). In this case, Plaintiffs' previous amendment was as a matter of right and plaintiffs have not yet had the benefit of the Court's analysis of their various claims. Therefore, Plaintiffs' prior amendment does not weigh against granting leave to file a second amended complaint.

ORDER DENYING PLAINTIFFS' MOTION
TO AMEND COMPLAINT                    -10-

# CONCLUSION

For all of the foregoing reasons, most of the five factors weigh against allowing Plaintiffs to amend their complaint in this matter. Plaintiffs' motion to amend is therefore DENIED.

Dated this 27th day of February, 2013.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge